IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FirstMerit Corporation, ) | CASE NO. 1:10 CV 2239 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | |
| Jack Vasi, ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| ) | |
| Defendant . ) | |

This matter is before the Court pursuant to Defendant's Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Defendant has submitted a brief in opposition to Plaintiff's Motion to Dismiss.

Plaintiff, FirstMerit Corporation, filed a Verified Complaint against Defendant Jack Vasi on October 1, 2001, alleging claims of federal trademark infringement under the Lanham Act, 15 U.S.C. §1114(1); federal false designation of origin under 15 U.S.C. §1125(a); and a state law claim of deceptive trade practices in violation of Ohio Rev. Code §§ 4165.01-04. The Verified Complaint seeks a temporary restraining order and preliminary and permanent injunction restraining and enjoining Defendant from, among other things, infringing Plaintiff's name, Mark or any mark in the FirstMerit family of Marks. The Verified Complaint states that this Court has jurisdiction over the underlying controversy under Section 39(a) of the Trademark Act of 1946, as amended, 15 U.S.C. §1121(a) and 28 U.S.C. §§1331, 1338(a) and 1367.

In his Motion to Dismiss, Defendant contends that "the basis of Plaintiff's claim is simply

that Defendant registered the name "FIRSTMERIT NA", as a trade name, with the Secretary of State for the State of Ohio, and then proceeded to use the trade name." (ECF #18 at 2) Thus, since Defendant's registration of the infringing name was made in accordance with Ohio law, Plaintiff's claims must really arise under Ohio not federal law.

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint over which the Court lacks subject matter jurisdiction. "Where subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Mich. S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir.2002). Rule 12(b)(1) motions to dismiss based upon subject matter jurisdiction generally come in two varieties. "A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss." *McGuire v. Ameritech Servs.*, 253 F.Supp.2d 988, 993-94 (S.D.Ohio 2003) (quoting *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990)). In contrast, a factual challenge "is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *United States v. Ritchie*, F.3d 592, 598 (6th Cir.1994) (citations omitted).

In this case, Defendant makes a facial attack on the Verified Complaint. Jurisdiction arising under 28 U.S.C. § 1331, as is purported here, provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In determining whether an action "arises under" federal law, the Court is

governed by the well-pleaded complaint rule, which requires a federal question be presented on the face of the complaint. See *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). It is clear from the face of the Verified Complaint that Plaintiff is asserting federal trademark infringement claims under the federal Lanham Act. The Complaint sets forth the Plaintiff's intellectual property rights, the Defendant's alleged infringing conduct and the reasons why Defendant allegedly violated the Lanham Act. The Verified Complaint also sets forth a supplemental state law claim alleging that Defendant's conduct also violates the Ohio Revised Code. The fact that Defendant may assert that his conduct comported with state registration requirements, does not change the gravamen of Plaintiff's federal claims. As Plaintiff's claims arise under a federal statute, this Court has jurisdiction over the action. Accordingly, Defendant's Motion to Dismiss for lack of subject matter jurisdiction ( ECF #18) is denied.[1]

IT IS SO ORDERED.

_/s/ Donald C. Nugent_
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED: _October 27, 2010_

---

[1] Plaintiff's motion for an order directing Defendant to reimburse Plaintiff for the reasonable expenses, including attorney's fees, incurred in opposing Defendant's Motion to Dismiss will be held in abeyance until the conclusion of this matter.